IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| LARRY COLEMAN HICKS, #2270069, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:23-cv-280-JDK-KNM |
| PRESIDENT JOSEPH R. BIDEN, JR., | § § § | |
| Defendant. | § § § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Larry Coleman Hicks, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On June 13, 2023, Judge Mitchell issued a Report and Recommendation finding that Plaintiff has accumulated at least three strikes under 28 U.S.C. § 1915(g) and recommending that the Court dismiss this case with prejudice for the purpose of proceeding *in forma pauperis* but allowing the case to proceed if Plaintiff pays the full filing fee within fifteen days after dismissal. Docket No. 3. Plaintiff submitted two letters that the Court construes to be written objections to the Report. Docket Nos. 6, 7.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28

U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Plaintiff's letters generally consist of specious allegations involving President Biden's close attention to Plaintiff's daily routine and efforts to "annihilat[e]" Plaintiff "via lack of food."  Docket No. 7 at 1.  Such delusional allegations cannot overcome the bar of § 1915(g).  *Jones v. Hutto*, 2019 WL 3307068, at *2 (N.D. Tex. June 11, 2019).  Moreover, Plaintiff is cautioned that further baseless, defamatory allegations against the judges of this Court in this or any other action here may result in sanctions.  *See* Fed. R. Civ. P. 11(c).

Moreover, the Court notes that Plaintiff has previously been barred from any pro se filings in this Court:

> Plaintiff Larry Coleman Hicks is hereby **SANCTIONED**.  The Clerk of Court for the Eastern District of Texas **shall not accept** from Plaintiff Larry Coleman Hicks any further lawsuits, documents, pleadings, correspondence, letters, notices, or motions in any suit, including previous and newly filed cases—that do not bear the signature of a licensed attorney admitted to practice before the Bar of the Eastern District of Texas.  Any other lawsuits, documents, pleadings, letters, correspondence, notices, or motions—not bearing a signature from a licensed attorney—shall not be filed on any docket but may be returned unfiled or discarded at the sole discretion of the Clerk.

*Hicks v. Skeen*, No. 6:18-cv-400 (E.D. Tex. Jan. 14, 2020).  Accordingly, this case may also be dismissed because the filings do not bear the signature of a licensed attorney.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 3) as the opinion of the District Court.  The Court **DISMISSES** Plaintiff's claims, with prejudice for purposes of proceeding *in forma pauperis* under 28 U.S.C. § 1915(g), but without prejudice as to the refiling of his lawsuit without seeking *in forma pauperis* status and payment of the full filing fee and with the requirement that the complaint be filed by a licensed attorney.

So **ORDERED** and **SIGNED** this **1st**   day of **August, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE